```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANTHONY SIDES,                  :   CIVIL NO. 1:06-CV-2370
                                :
        Plaintiff               :   (Judge Conner)
                                :
    v.                          :   (Magistrate Judge Smyser)
                                :
RELIGIOUS ACCOMMODATION         :
COMMITTEE, et al,               :
                                :
        Defendants              :
```

## REPORT AND RECOMMENDATION

On December 11, 2006, the plaintiff, a state prisoner proceeding *pro se,* commenced this action by filing a complaint.

The plaintiff alleges that he is a follower of the World Church of the Creator, a religion that preaches a system of believes called Creativity, the central tenet of which is white supremacy. He claims that the defendants have denied him a diet that conforms to the tenets of his religion. The plaintiff's claims are based on the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 - § 2000cc-5. He seeks declaratory and injunctive relief.

On May 18, 2007, the plaintiff filed a motion for an emergency preliminary injunction or temporary restraining order, a brief and documents in support of that motion.  The plaintiff asserts that on May 11, 2007, corrections officers confiscated his religious and legal materials.  The plaintiff asserts that after thirty days the confiscated items will be destroyed.  The plaintiff asserts that the items confiscated substantiate his claim that Creativity is a religion and that he continues to be denied a diet in conformity with his religion.  The plaintiff is seeking an order prohibiting the destruction of the items confiscated from him, directing that the items that were confiscated be returned to him and prohibiting all harassment and confiscation of his religious material.

A party seeking preliminary injunctive relief bears the burden of persuading the court that: (1) the moving party has a reasonable probability of success on the merits; (2) the moving party will be irreparably injured if the relief is denied; (3) granting the preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest. *ECRI v.*

2

*McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).  To obtain a temporary restraining order the moving party must meet those four requirements and also must establish that the threatened injury is imminent.  *Fink v. Supreme Court of PA*, 646 F. Supp. 569, 570 (M.D. Pa. 1986).

We recommend that the plaintiff's motion for a preliminary injunction and temporary restraining order be granted to the extent that the defendants be ordered not to destroy the items confiscated from the plaintiff until the court has issued a final ruling on the plaintiff's motion.

If the plaintiff is able to show that Creativity is a religion, then he has a reasonable probability of success on the merits of his claims.  If, as the plaintiff asserts, the documents confiscated from him substantiate his claim that Creativity is a religion and that he continues to be denied a diet in conformity with his religion, then destruction of the documents would irreparably injure the plaintiff.  Prohibiting the destruction of the items confiscated from the plaintiff until the court has issued a final ruling on the plaintiff's motion would not result in harm to the defendants and would be in the public interest.

Based on the foregoing, we recommend that the plaintiff's motion (doc. 33) for a preliminary injunction and temporary restraining order be granted to the extent that the defendants be ordered not to destroy the items confiscated from the plaintiff until the court has issued a final ruling on the plaintiff's motion.  It is further recommended that the motion (doc. 33) for a preliminary injunction requesting the return to the plaintiff of the items confiscated be remanded to the undersigned for further consideration after the motion has been fully briefed.[1]

                                                               **/s/ J. Andrew Smyser**
                                                               J. Andrew Smyser
                                                               Magistrate Judge

Dated:  May 22, 2007.

---

1. We also note that the are a number of other motions pending in this case including a prior motion (doc. 19) for a preliminary injunction filed by the plaintiff on March 20, 2007 concerning his diet and a motion (doc. 31) to stay proceedings on that motion due to settlement discussions.  The other pending motions in this case will be addressed in due course by separate orders and/or reports and recommendations, if necessary.  Of course, the court encourages the settlement discussions entered into by the parties.