```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANTHONY SIDES,                  :    CIVIL NO. 1:06-CV-2370
                                :
          Plaintiff             :    (Judge Conner)
                                :
     v.                         :    (Magistrate Judge Smyser)
                                :
RELIGIOUS ACCOMMODATION         :
COMMITTEE, et al,               :
                                :
          Defendants            :
```

**REPORT AND RECOMMENDATION**


On December 11, 2006, the plaintiff, a state prisoner proceeding *pro se,* commenced this action by filing a complaint.


The plaintiff alleges that he is a follower of the World Church of the Creator, a religion that preaches a system of beliefs called Creativity, the central tenet of which is white supremacy. He claims that the defendants have denied him a diet that conforms to the tenets of his religion. The plaintiff's claims are based on the First Amendment and the Religious Land Use and Institutionalized

Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 - § 2000cc-5. He seeks declaratory and injunctive relief.

On May 18, 2007, the plaintiff filed a motion for an emergency preliminary injunction or temporary restraining order, a brief and documents in support of that motion. The plaintiff asserted that on May 11, 2007, corrections officers confiscated his religious and legal materials. He asserted that after thirty days the confiscated items will be destroyed. He asserted that the items confiscated substantiate his claim that Creativity is a religion and that he continues to be denied a diet in conformity with his religion. The plaintiff sought an order prohibiting the destruction of the items confiscated from him, directing that the items that were confiscated be returned to him and prohibiting all harassment and confiscation of his religious material.

By an Order dated May 24, 2007, Judge Conner granted in part the plaintiff's motion for an emergency preliminary injunction or temporary restraining order by prohibiting the defendants from destroying the religious and legal materials

confiscated from the plaintiff until the court has issued a final ruling on the plaintiff's motion. Judge Conner indicated that the remaining issues raised by the plaintiff's motion will be resolved by future order of the court and he remanded the case to the undersigned for further proceedings.

After requesting and receiving extensions of time, on June 20, 2007, the defendants filed a brief in opposition to the plaintiff's motion for an emergency preliminary injunction or temporary restraining order. The defendants indicate that all the materials confiscated from the plaintiff have been returned to him except the following: 1) *The White Man's Bible*; 2) three issues of a Creativity newsletter titled *The Legionary*; and 3) a sheet entitled *The Sixteen Commandments.* The defendants indicate that pursuant to the Order of May 24, 2007 these documents have been preserved and are kept in the prison's property room. The defendants submitted copies of these documents to the court *in camera.*[1]

---

1. The packet of documents submitted to the court *in camera* contains some documents which have now been returned to the plaintiff as well as the documents that have not been returned to the plaintiff.

On July 3, 2007, the plaintiff filed a reply brief and documents in support of his motion for an emergency preliminary injunction or temporary restraining order.

A party seeking preliminary injunctive relief bears the burden of persuading the court that: (1) the moving party has a reasonable probability of success on the merits; (2) the moving party will be irreparably injured if the relief is denied; (3) granting the preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

The claims raised by the complaint in this case concern the provision of a diet to the plaintiff in accordance with his purported religion. If the plaintiff is able to show that Creativity is a religion, then it is reasonable to believe that he has a reasonable probability of success on the merits of his claims. In connection with the instant motion, the defendants do not argue that Creativity is not a religion or that the plaintiff does not have a reasonable probability of success on the merits of his diet

4

claims.[2] For purposes of the instant motion, we will assume *arguendo*, that the plaintiff has a reasonable probability of success on the merits of his diet claims.

The plaintiff asserts that he needs the documents at issue to establish that Creativity is a religion and that he was denied a diet in conformity with his religion.

The defendants assert that the plaintiff does not need the documents to show that the diet he has requested is a requirement of Creativity since other documents that have been returned to the plaintiff contain evidence to support such an assertion. The defendants further assert that at this point they do not know whether or not they will contest that Creativity is a religion. They state that, since the documents at issue have been preserved and submitted to the

---

2. We note that the issue of whether the plaintiff has a reasonable probability of success on the merits of his diet claims is at issue in another motion (doc. 19) for a preliminary injunction filed by the plaintiff. That motion is not yet ripe and we make no determination on any issues in that motion at this time. That motion will be addressed by a separate report and recommendation after the motion is ripe. With regard to the merits of the plaintiff's diet claim under RLUIPA, we note that the United States Court of Appeals for the Third Circuit has recently issued a precedential decision clarifying the standards under RLUIPA. *Washington v. Klem,* __ F.3d __, Case No. 05-2351 (3d Cir. Aug. 2, 2007).

5

court *in camera*, if a clearer need for the plaintiff to have access to the documents arises he can request those documents at a later time.

The defendants also assert that the documents pose a security threat to the prison since the documents contain racially inflammatory materials. The defendants have submitted a declaration from John S. Shaffer, the Executive Deputy Secretary for the Commonwealth of Pennsylvania Department of Corrections, who states that there are important security reasons for excluding racially inflammatory materials from an institution.

Shaffer states that materials promoting racial superiority fuel racial tensions in the prison, encourage violence against inmates of other races, and, if discovered by inmates of other races, incite more racial hatred and violence in retaliation. He also states that publications promoting racial superiority serve to encourage the formation of cohesive groups along racial lines and that such groups may threaten the security of an institution by advocating violence against non-members and by providing a support system for opposition to prison administration. He states

6

that such materials also may encourage disrespect and insubordination toward staff members who are not members of the inmate's race.

Shaffer states that the fact that an inmate keeps such materials in his own cell, even in restricted housing, does not eliminate the danger.  He states that such materials still act as an incitement to violence by the inmate who possesses the materials.  He also states that, even with the tightest security, inmates are able to pass written materials among themselves and that it is more than a remote possibility that an inmate of a race targeted by the materials could obtain them and be promoted to take violent action in retaliation.

Shaffer states that publications advocating racial superiority may compromise an inmate's chances for rehabilitation and undercut the DOC's efforts to instill a sense of respect for the life and property of others.

Shaffer states that in his opinion the incitement to violence suggested by the publications presents a clear danger to inmates and staff at the institution.  He states

7

that he knows of no way to prevent the harmful influence of racially inflammatory materials other than to ban them from the prison.

Decisions of prison officials regarding prison administration should be accorded deference by the federal courts. *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). "Deference is especially appropriate when a regulation implicates prison security." *Fraise v. Terhune*, 283 F.3d 506, 516 (3d Cir. 2002).

We have reviewed the documents at issue *in camera*. We agree that the documents are racially inflammatory. Based on the deference to be accorded to prison officials on issues of security, we conclude that there is a legitimate security concern with having such documents in the prison.

Given the legitimate security interests in keeping such documents out of the prison and given that it does not appear that the plaintiff has an immediate need for the documents to substantiate his claims in this case, we recommend that the plaintiff's motion for an emergency preliminary injunction or temporary restraining order

requesting the return of the documents be denied.[3]  Further, since the plaintiff has presented no basis to conclude that the confiscation of the documents at issue was done with an intent to harass him or that the defendants have been harassing him in general, we recommend that the plaintiff's request for an order prohibiting all harassment and confiscation of his religious materials in the future be denied.

In his reply brief, that plaintiff requests that, if the court denies his motion for an emergency preliminary injunction or temporary restraining order, the court appoint him counsel.  A motion is the proper method to request the court to take action, and the plaintiff may file a motion for the appointment of counsel.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 33) for a preliminary injunction and

---

3. We note that the issue in this case is not whether the confiscation of the documents substantially burdens the plaintiff's free exercise of his religion and we are not purporting to make any determination on that issue.  The only claims in this case are the plaintiff's diet claims and the documents are only pertinent to those claims to the extent that the documents contain evidence relevant to the question whether Creativity is a religion.

temporary restraining order be denied and that the case file be remanded to the undersigned for further proceedings.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated: August 3, 2007.