# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY SIDES,** | : CIVIL ACTION NO. 1:06-CV-2370 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : |
| **RELIGIOUS ACCOMMODATION COMMITTEE, ANTHONY THOMPSON, ULLI KLEMM, IN THEIR OFFICIAL CAPACITY, BRIAN HARRIS, LIEUTENANT READING, CORRECTIONS OFFICER HUBER, & CORRECTIONS OFFICER MARTZ,** | : |
| Defendants | : |

## ORDER

AND NOW, this 4th day of November, 2008, upon consideration of the magistrate judge's order (Doc. 129) denying plaintiff's motion to reopen the case, to which plaintiff filed an appeal (Doc. 132) pursuant to Local Rule 72.2, see L.R. 72.2 (permitting a party to appeal a magistrate judge's non-dispositive order), and it appearing from an independent review of the record that plaintiff and defendants reached a settlement agreement on November 14, 2007[1] (see Doc. 144 at 3-4), and that by the order of court dated November 15, 2007 (see Doc. 99), the case was dismissed without prejudice to the right, upon good cause shown, to reinstate the

---

[1] The settlement stated that defendants would pay plaintiff's court costs and filing fees and that plaintiff would be placed on the kosher diet at the State Correctional Institution at Camp Hill. (Doc. 144 at 3.)

action within sixty days, and that plaintiff now wishes to reopen the case because he believes he could "get a better deal,"[2] and it further appearing that plaintiff alleges that the kosher meals he received as part of the settlement were often spoiled or missing (Doc. 144 at 133), but that plaintiff never filed an institutional grievance indicating that the kosher meals were inadequate (see Doc. 144 at 13-14), and that the magistrate judge held that "plaintiff did not present any evidence that the food he received was any different from the food that any other inmate on the kosher diet received, and [that] the defendants presented evidence that the plaintiff received the standard kosher diet," (Doc. 129 at 4), and upon this court's application of the clearly erroneous or contrary to law standard, which this court must apply to the magistrate judge's findings, see L.R. 72.2 ("A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."), it is hereby ORDERED that:

1. The court finds that the order of the magistrate judge dated April 2, 2008 (Doc. 129) is neither clearly erroneous nor contrary to law.

2. The plaintiff's appeal (Doc. 132) is DENIED.

3. The order of the magistrate judge (Doc. 129) is AFFIRMED.

4. The clerk of court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] At the motion hearing, plaintiff stated that he believed that by reopening the case he would be allowed to select food items off a master menu and create a personalized diet. (Doc. 144 at 133.)